LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800   Fax: (609) 538-1399
KEITH D. SKLAR, ESQ.
ATTORNEY FOR GEORGE and ROBIN KIX, DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE and ROBIN KIX,** | : | Case No.: 17-14162 (mdc) |
| Plaintiff/Debtor | : | Chapter 13 |
| | : | |
| vs. | : | Adversary No.: |
| | : | |
| **PNC BANK, N.A.; PA DEPT. OF REVENUE; IRS** | : | |
| | : | **ADVERSARY COMPLAINT FILED** |
| | : | **ON BEHALF OF DEBTORS TO** |
| Defendant(s)/ | : | **EXTEND THE AUTOMATIC STAY** |
| Secured Creditor(s) | : | **PURSUANT TO 11 U.S.C. § 362** |

COMES NOW GEORGE and ROBIN KIX, (hereinafter referred to as "Plaintiff") by and through her attorney, Keith D. Sklar, Esquire and complains of PNC Bank, N.A.; PA Dept of Revenue and the IRS (hereinafter "Defendant(s)) as follows:

1. That this Court has exclusive jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001.

2. That the Defendant(s) are creditors in the above-entitled Chapter 13 Bankruptcy proceeding, and Plaintiff, above-named is the Debtor.

3. That this is an adversary proceeding in which Plaintiff seeks a ruling to extend the automatic stay pursuant to Bankruptcy Rule 7001(7).

4. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).  If the Court should find that this is not a core matter, then Plaintiff consents to the entry of judgment by a United States Bankruptcy Judge.

5. That on or about June 14, 2017, Plaintiffs filed a petition under Chapter 13

of the United States Bankruptcy Code.

6. Within the 12-month period prior to the aforementioned filing date, Plaintiff was in an active Chapter 13 case, under case #16-10311. The case was dismissed on September 22, 2016 for failure to make timely Trustee payments.

7. Plaintiff's file this adversary proceeding to extend the automatic stay pursuant to 11 U.S.C. § 362 since they are outside the 30-day statutory window.

## COUNT I

8. Plaintiff requests an extension of the automatic stay based on clear and convincing evidence that her subsequent filing was not in "bad faith".

9. Plaintiff has shown *inter alia* by clear and convincing evidence that a substantial change in her financial and personal affairs has occurred.

10. Plaintiff George Kix was incarcerated by the Commonwealth of Pennsylvania thus resulting in a loss of income which resulted in the 2016 case being dismissed.

11. Plaintiff, George Kix has now been released from incarceration and is now earning a living and able to contribute to the debtors' chapter 13 payments..

12. The release of George Kix constitutes a substantial change in the Plaintiff's personal affairs.

13. Plaintiff has been obliged to retain the services of Keith D. Sklar, Esquire to prosecute this action and is entitled to reasonable attorney's fees.

14. Plaintiff seeks enforcement of the automatic stay pursuant to 11 U.S.C. §362

as to the Defendants captioned above.

**WHEREFORE**, Plaintiffs, George and Robin Kix demand injunctive relief or any other equitable relief that the Court deems appropriate against Defendant(s) as follows:

That the automatic stay pursuant to Bankruptcy Rule 7001(7) is hereby extended as to all creditors named in this adversary.

Dated this 29th day of August, 2017.

                                             */s/Keith D. Sklar, Esq.*
                                               Keith D. Sklar, Esq.
                                               Attorney for George and Robin Kix, Debtors